————o————

| 59 | 509 |
| 53ª | 561 |

ERASTUS WELLS, Respondent, *vs.* JOHN C. ZALLEE, Appellant.

1. *Practice, civil—Promissory note—Instruction calculating amount of verdict improper.*—In suit on a promissory note, an instruction directing the jury, in case they find for plaintiff, what amount they shall allow, is improper, but will not for that reason warrant a reversal, when the sum is correctly calculated.

2. *Practice, civil—Instructions—Exceptions.*—The Supreme Court will not review an instruction, the giving of which is not excepted to.

*Appeal from St. Louis Circuit Court.*

*Krum & Patrick*, for Appellant.

*A. J. P. Garesche*, for Respondent.

WAGNER, Judge, delivered the opinion of the court.

This was a suit on a promissory note. The defence set up was, that at the time the note was made, the plaintiff promised and agreed with the defendant, that he would renew it when the same became due; that plaintiff refused to renew it, and that it was protested for non-payment; and that thereby the defendant, who was a merchant, suffered damages which he asked to have recouped. The court gave one instruction to the jury on motion of plaintiff, and a verdict was rendered in his favor. In the instruction the interest was calculated on the amount of the note, and the expense of protest, and the jury were told that if they should find for the plaintiff, they should find the sum thus named. The jury disallowed the counter-claim and found for plaintiff the amount of the note, with interest and protest, as calculated and put in the instruction. It is not pretended that the calculation was wrong, and the counsel for the defendant admits that

the plaintiff is entitled to recover, but they contend that it was the province of the jury to calculate the amount for which they were to bring in a verdict, and in this I think they are right.

But there are two good reasons against a reversal. First, no exceptions·were taken to the giving of the instruction, and secondly, this court is not in the habit of reversing, unless some error was committed on the trial materially affecting the right of the party.

Judgment affirmed. All the judges concur.